UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **VEXAS CORPORATION, d/b/a ATLAS,** | ) )  ) ) |
| Plaintiff, | ) ) ) |
| v. | )   Court No. 25-00206 ) |
| **UNITED STATES,** | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Vexas Corporation, d/b/a Atlas ("Vexas Corp." or "Plaintiff"), by and through its counsel, hereby alleges and states as follows:

## JURISDICTION

1. Plaintiff brings this action pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (a)(2)(B)(i) to seek judicial review of aspects of the final affirmative injury determination made by the United States International Trade Commission (the "Commission") in the antidumping and countervailing duty investigations involving Certain Low Speed Personal Transportation Vehicles ("LSPTVs") from the People's Republic of China ("China") under 19 U.S.C. §§ 1673d(b) and 1671d(b). This Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c).

## STANDING

2. Plaintiff meets the definition of an "interested party" as defined in 19 U.S.C. § 1677(9)(A) because it is a U.S. importer of merchandise subject to the investigations.

1

3.    Plaintiff participated in the underlying investigations giving rise to this action through the submission of questionnaire responses and comments to the Commission and has standing to commence this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4.    Plaintiff commenced this action by filing a Summons on September 11, 2025, which was within 30 days of the date the Department of Commerce ("Commerce") published the antidumping and countervailing duty orders imposed pursuant to the contested final affirmative determination.  *See Certain Low-Speed Personal Transportation Vehicles from the People's Republic of China: Amended Final Antidumping Duty Determination and Antidumping Duty Order; Amended Final Determination of Countervailing Duty Investigation and Countervailing Duty Order*, 90 Fed. Reg. 38,759 (Aug. 12, 2025).  This Complaint is timely filed as the last day of the period to file a complaint under Rule 3(a)(2) fell on a Saturday, October 11, 2025, and the next day that is not a Saturday, Sunday, or legal holiday is October 14, 2025.  Accordingly, this action is timely filed under 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and Rules 3(a)(2) and 6(a) of this Court.

## STATEMENT OF FACTS

5.    On June 20, 2024, the American Personal Transportation Vehicle Manufacturers Coalition, consisting of Club Car LLC and Textron Specialized Vehicles, Inc. filed a petition with the Commission and Commerce, alleging that the U.S. industry was materially injured or threatened with material injury by reason of subsidized and dumped imports of LSPTVs from China ("subject imports").  The Commission then published its notice of institution of investigations shortly thereafter.  *See Low Speed Personal Transportation Vehicles From China;*

2

*Institution of Antidumping and Countervailing Duty Investigations and Scheduling of Preliminary Phase Investigations*, 89 Fed. Reg. 53,440 (June 26, 2024).

      6.      On August 9, 2024, the Commission issued its preliminary affirmative injury determination. *See Low Speed Personal Transportation Vehicles From China Determinations*, 89 Fed. Reg. 65,398 (Aug. 9, 2024).

      7.      On December 6, 2024, Commerce published its preliminary affirmative countervailing duty determination, finding affirmative critical circumstances, in part. *See Certain Low Speed Personal Transportation Vehicles From the People's Republic of China: Preliminary Affirmative Countervailing Duty Determination, Preliminary Affirmative Determination of Critical Circumstances, in Part, and Alignment of Final Determination With Final Antidumping Duty Determination*, 89 Fed. Reg. 96,942 (Dec. 6, 2024).

      8.      On January 30, 2025, Commerce published its preliminary affirmative antidumping duty determination, finding affirmative critical circumstances. *See Certain Low Speed Personal Transportation Vehicles From the People's Republic of China: Preliminary Affirmative Determination of Sale at LessThan-Fair Value Investigation, Preliminary Affirmative Determination of Critical Circumstances, Postponement of Final Determination and Extension of Provisional Measures*, 90 Fed. Reg. 8,517 (Jan. 30, 2025).

      9.      With Commerce issuing affirmative antidumping and countervailing duty determinations, the Commission proceeded with its final phase investigation. *See Low Speed Personal Transportation Vehicles (LSPTVs) from China; Scheduling of the Final Phase of Countervailing Duty and Antidumping Duty Investigations*, 90 Fed. Reg. 9,345 (Feb. 11, 2025). As part of this process, the Commission issued questionnaires to interested parties, including Vexas Corp., and solicited briefs in advance of its hearing. On June 5, 2025, interested parties,

including Vexas Corp. submitted prehearing briefs. In its prehearing brief, Vexas Corp. submitted arguments as to why the Commission should reach a negative critical circumstances decision and also indicated its support for and incorporated by reference arguments included in briefs filed by other parties. *See* Prehearing Brief of Vexas Corp. dba Atlas (June 6, 2025).

10. On June 12, 2025, the Commission held its hearing.

11. On June 23, 2025 Commerce published its final affirmative antidumping, countervailing duty and critical circumstances determinations. *See Certain Low Speed Personal Transportation Vehicles From the People's Republic of China: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, in Part*, 90 Fed. Reg. 26,530 (June 23, 2025) and *Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China: Final Affirmative Countervailing Duty Determination and Final Affirmative Determination of Critical Circumstances*, 90 Fed. Reg. 26,536 (June 23, 2025).

12. On July 17, 2025, the Commission held its vote and the Commission's published its determination on August 7, 2025. *See Low Speed Personal Transportation Vehicles From China; Determinations*, 90 Fed. Reg. 38,176 (Aug. 7, 2025). The Commission's full analysis and views are contained in USITC Publication 5652, entitled *Low Speed Personal Transportation Vehicles from China: Investigation Nos. 701-TA-731 and 731-TA-1700 (Final)*. The Commission's injury determination was on the basis of a unanimous 3-0 vote, and the Commission's critical circumstances decision was on the basis of a 2-1 vote.

## STATEMENT OF CLAIMS

13. Paragraphs 1 through 12 of this Complaint are incorporated herein by reference.

14. The Commission's final affirmative critical circumstances determination is not supported by substantial evidence or otherwise in accordance with law under 19 U.S.C. § 1516a(b)(1)(B)(i) in the following respects:

## **COUNT I**

15. Paragraphs 1 through 14 of this Complaint are incorporated herein by reference.

16. By statute, to support an affirmative critical circumstances finding, Commerce must find that imports were "massive" over a "relatively short period" following the filing of the petition. *See* 19 U.S.C. § 1673d(a)(3). To support an affirmative critical circumstances determination, the Commission must find that those importers are "likely to undermine seriously the remedial effect" of the antidumping or countervailing duty orders. *See* 19 U.S.C. § 1673d(b)(4)(A)(i). Under the statute, the Commission is to consider: the timing and the volume of the imports, whether there has been a rapid increase in inventories of the imports, and any other circumstances indicating that the remedial effect of the order will be seriously undermined. *See* 19 U.S.C. §§ 1671d(b)(4)(A)(ii). Affirmative critical circumstances findings result in the application of antidumping or countervailing duties retroactively up to 90 days prior to the time duties were first imposed. *See* 19 U.S.C. §§ 1673b(e)(1) and 1673d(c)(4).

17. In reaching its decision in this case, the Commission did not adequately consider key market data, including data related to the timing of imports and seasonality in the industry, import and inventory volumes relative to the overall size of the market, and the economic performance of the U.S. industry. In evaluating whether the remedial effect of the order would be seriously undermined, the Commission also did not adequately account for or consider the impact of the extremely high duty rates applicable to subject imports, particularly those assigned by Commerce in these investigations (e.g., Vexas Corp. is currently subject to a "Separate Rate"

antidumping duty rate of 292.00 percent and the "China-Wide" countervailing duty rate of 41.14 percent, for a combined rate of 333.14 percent, *see Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China: Amended Final Antidumping Duty Determination and Antidumping Duty Order; Amended Final Determination of Countervailing Duty Investigation and Countervailing Duty Order*, 90 Fed. Reg. 38,759 (Aug. 12, 2025)).

18. For these, and other reasons, the Commission's antidumping and countervailing duty critical circumstances determinations are therefore not supported by substantial record evidence and are otherwise not in accordance with law.

### REQUEST FOR RELIEF

For the foregoing reasons, Vexas Corp. respectfully requests that this Court (1) hold that the Commission's critical circumstances determinations in these investigations are unsupported by substantial evidence and otherwise not in accordance with law; (2) remand the investigations to the Commission for disposition consistent with any orders and opinions of this Court; and (3) provide such other relief as this Court deems proper.

    Respectfully submitted,

/s/ Henry D. Almond
Henry D. Almond
J. David Park
Kang Woo Lee
Archana Rao P. Vasa

*Counsel to the Vexas Corp. d/b/a Atlas*

ARNOLD & PORTER KAYE SCHOLER LLP
601 MASSACHUSETTS AVENUE, N.W.
WASHINGTON, D.C. 20001
PHONE: (202) 942-5646
FAX: (202) 942-5999
E-MAIL: henry.almond@arnoldporter.com

**Dated: October 14, 2025**